**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **Carl Moreland**, | |
| Plaintiff, | Case No. |
| v. | |
| **Sunpath, Ltd.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Carl Moreland** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Sunpath, Ltd.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

4. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

5.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.  Plaintiff is a natural person residing in Sulphur Springs, Texas.

7.  Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.  Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 50 Braintree Hill Park, Suite 310, Braintree, Massachusetts 02184.

9.  Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Plaintiff has only used this phone number as a cellular telephone.

13. Defendant and/or its agents called Plaintiff on his cellular phone seeking to sell him a motor vehicle warranty.

14. Plaintiff did not consent to these calls, was not interested in a motor vehicle warranty, and had not sought information regarding a warranty.

15. Plaintiff has been on the Do Not Call Registry since June 30, 2003.

16. Defendant's telephone calls were not made for "emergency purposes," but were placed for solicitation purposes.

17. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

18. When placing these calls to Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded message.

19. Plaintiff knew Defendant was calling using an automated telephone dialing system and/or pre-recorded message as Plaintiff was always greeted with an automated message when answering calls from Defendant.

20. Defendant's calls were bothersome, disruptive and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERCE CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

40. Plaintiff received all calls and texts from Defendant in Texas and is entitled to other relief under Texas law.

41. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

42. Defendant violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

43. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Carl Moreland,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

  g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code

  h. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  i. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Carl Moreland**, demands a jury trial in this case.

Respectfully submitted,

Dated: 03/17/2021

By: *s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com