IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CARL MORELAND, <br><br> Plaintiff, <br><br> v. <br><br> SUNPATH, LTD., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § Case No. 6:21-cv-00110-JDK <br> § <br> § <br> § <br> § <br> § |

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

Plaintiff Carl Moreland sued Defendant SunPath, Ltd. for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Texas Business & Commerce Code § 302.101.  Docket No. 6 ¶ 1.  SunPath moved to dismiss for lack of personal jurisdiction and for failure to state a claim.  Docket No. 9.  The Court held a hearing on the motion on September 2, 2021.  Docket No. 18.

For the reasons discussed below, the Court concludes that it lacks personal jurisdiction over SunPath and grants the motion to dismiss.

**I.**

Moreland complains that he received several unwanted and unrequested telemarketing calls about a motor vehicle warranty—despite being on the National Do Not Call Registry.  Docket No. 6 ¶¶ 20, 22–34.  Moreland alleges that when he asked for the identity of the callers, the representatives told him that they worked for "SunPath" and allegedly provided Moreland with a URL to SunPath's website ("gosunpath.com").  *Id.* ¶¶ 30, 32.  Attached to the Amended Complaint are

1

screenshots of Moreland's cell phone call log indicating that he received three phone calls (two from 214-area code numbers and one from "+1 0000000000") on the dates specified in his Amended Complaint.  Docket No. 6, Ex. A.  The screenshots do not provide any other information about the source of the calls.

SunPath, a company incorporated in Delaware with its principal place of business in Massachusetts, now moves to dismiss for lack of personal jurisdiction.  In support of its motion, SunPath has provided a sworn declaration from SunPath President Andrew Garcia attesting that SunPath does not engage in outbound telemarketing, did not initiate any of the calls to Moreland, and does not direct any third party to initiate calls to any consumers in Texas.  Docket No. 9, App. 1–2, ¶¶ 5–8.

In response, Moreland repeats the allegations raised in his Amended Complaint but presents no evidence to support his assertions.  *See* Docket No. 10.

## II.

A court may exercise personal jurisdiction over a non-resident defendant only if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution."  *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).  Because the Texas long-arm statute authorizes jurisdiction to the extent allowed by the Fourteenth Amendment, the Court need only address the federal due process inquiry.  *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019).  Due process is satisfied when the non-resident defendant "purposefully availed himself of the benefits and

protections of the forum state by establishing minimum contacts with the forum state" and "the exercise of jurisdiction . . . does not offend traditional notions of fair play and substantial justice." *Id.* (citations omitted).

Minimum contacts can give rise to either general or specific jurisdiction. *Id.* A court may assert general jurisdiction over non-resident corporations when their continuous and systematic affiliations with the state render them at home there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011). A court may assert specific jurisdiction over a non-resident defendant when the claims against it arise out of or relate to activities that the defendant purposefully directed at forum residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

In ruling on a motion to dismiss for lack of personal jurisdiction, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id.* (quoting *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)). If, however, a defendant submits evidence demonstrating a lack of personal jurisdiction and plaintiff fails to controvert that evidence, the court "need not accept [plaintiff's] jurisdictional allegations." *Cunningham v. Advanced Tele-Genetic Counseling, LLC*, No. 4:20-CV-143-ALM-KPJ,

2021 WL 1174954, at *8 (E.D. Tex. Mar. 29, 2021); *see also Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982).

## III.

Plaintiff Moreland has failed to establish personal jurisdiction over non-resident Defendant SunPath.

A.   **No general jurisdiction**

Moreland's allegation regarding general jurisdiction is a single conclusory sentence in his Amended Complaint: "Because of SunPath's systemic and continuous presence in Texas, there exists general personal jurisdiction over SunPath." Docket No. 6 ¶ 11. That is insufficient. As the Fifth Circuit has long held, "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

B.   **No specific jurisdiction**

Moreland also asserts that specific jurisdiction exists because "making phone calls . . . to a Texas area code creates personal jurisdiction." Docket No. 10 at 5. But SunPath has submitted an affidavit from its president stating that the company does *not* make phone calls to Texas—and did not make any of the phone calls at issue here. Docket No. 9, App. 1–2. Moreland presents no evidence to the contrary. Moreland's sole unverified exhibit—screenshots of his cell phone's call log—is insufficient because it does not demonstrate any connection between the calls and SunPath. So that leaves Moreland's bare allegations, which the Court need not credit in light of SunPath's uncontroverted affidavit. *See Cunningham v. Upwell Health, LLC*, No.

4

4:19-CV-894-ALM-CAN, 2020 WL 4723175, at *6 (E.D. Tex. July 21, 2020) (finding no personal jurisdiction where plaintiff provided no evidence to contradict defendant's evidence of lack of specific contacts), *adopted by*, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020); *see also Panda Brandywine Corp.*, 253 F.3d at 869.[1]

Moreland also appears to suggest that the Court has personal jurisdiction over SunPath because whoever called Moreland "identified himself as working for SunPath" and thus "there is direct liability and apparent authority." Docket No. 10 at 9. But "[c]ourts must assess each defendant's contacts with the forum state individually—a substantial connection is not formed by the unilateral activity of another party or a third person.'" *Halliburton*, 921 F.3d at 543 (internal citations omitted). Thus, conclusory allegations that SunPath acted in an agency relationship with unnamed telemarketers "does not suffice to impute [the telemarketing caller]'s actions to Defendant under an agency theory." *Horton* at *4; *see also Callier*, 2020 WL 10285659 at *3 ("[T]his court cannot reasonably infer an agency relationship from the mere fact that telemarketing calls were made on behalf of SunPath.").

---

[1] In fact, other courts in Texas have similarly found no personal jurisdiction over SunPath. *E.g.*, *Cunningham v. Assured Auto Group, Inc.*, No. 4:20-CV-141, 2021 WL 1139744, at *5–6 (E.D. Tex. Mar. 2, 2021), *adopted by*, 2021 WL 1121118 (E.D. Tex. Mar. 24, 2021); *Horton v. SunPath, Ltd.*, No. 3:20-CV-1884-B-BH, 2021 WL 982344 (N.D. Tex. Feb. 16, 2021), *adopted by*, 2021 WL 977065 (N.D. Tex. Mar. 15, 2021); *Callier v. SunPath Ltd.*, No. EP-20-CV-106-FM, 2020 WL 10285659, at *2 (W.D. Tex. Aug. 10, 2020). One court allowed limited jurisdictional discovery following a motion to dismiss by SunPath. *Cano v. Assured Auto Grp.*, No. 3:20-CV-3501-G, 2021 WL 3036933, at *10 (N.D. Tex. July 19, 2021). But here, Moreland did not request jurisdictional discovery even when the issue was raised at the September 2, 2021 hearing. Nor did Moreland specify any evidence he hoped to obtain or how it might prove specific jurisdiction. Further, the Court has determined that jurisdictional discovery is unwarranted here. *See Wyatt*, 686 F.2d at 284; *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).

## IV.

For the reasons stated above, the Court **GRANTS** SunPath's motion to dismiss for lack of personal jurisdiction and **DISMISSES WITHOUT PREJUDICE** Moreland's claims of violations of the TCPA and the Texas Business & Commerce Code (Counts 1, 2, and 3).  Because the Court lacks personal jurisdiction over SunPath, it need not consider SunPath's alternative argument that Moreland failed to state a claim.

So **ORDERED** and **SIGNED** this **10th** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE